*807 Voto particular disidente emitido por el
Juez Asociado Señor Rivera García, al cual se une la Jueza Asociada Señora Pabón Charneco.
La imposición de un impuesto sobre las ventas y el uso (IVU) a los servicios legales que proveen los abogados y las abogadas a nuestra ciudadanía es un asunto que, al menos inicialmente, parecería ir más allá de las facultades constitucionales de la Asamblea Legislativa para establecer la política pública contributiva en Puerto Rico. Esto porque, por ejemplo, no tan solo se establece una medida que afecta la administración y el acceso a la justicia en su sentido más básico y primario —la búsqueda del ciudadano de asesoría legal— sino que se impone, además, como una condición necesaria e ineludible para que un grupo de abogados y abogadas practiquen la profesión legal en Puerto Rico, lo cual indudablemente trastoca la facultad inherente y exclusiva de este Tribunal Supremo de regular el ejercicio de la abogacía.(1) En ese panorama, y ante la inminente vigencia del impuesto cuya inconstitucionalidad están impugnando tanto la Asociación de Abogados como el Colegio de Abogados y Abogadas de Puerto Rico, no hay duda de que este Tribunal debió ejercer su poder discrecional para acoger el recurso de certificación intrajurisdiccional peticionado y certificar motu proprio la demanda civil K PE2015-3169.(2)
*808 Ciertamente, reitero mi posición de que este Tribunal debe utilizar sabiamente el ejercicio de su discreción y conforme a ello no debe avalar la preterición de los trámites judiciales ordinarios en cualquier caso en que se haga un reclamo de naturaleza constitucional. Después de todo, tanto el Tribunal de Primera Instancia como el Tribunal de Apelaciones están facultados para atender tales reclamaciones. Siendo así, nuestra intervención temprana en un caso debe ser de manera excepcional y ante un cuadro fáctico que indudablemente requiera atención inmediata, como precisamente ocurre en el presente caso.
Hoy, lamentablemente, una mayoría de mis compañeros y compañeras fallan en ver tal urgencia y optan por declarar no ha lugar la primera moción de reconsideración presentada por la parte peticionaria. En desacuerdo con ese proceder, disiento.

 Nótese que la Ley Núm. 72-2015 enmendó la Sec. 4210.01(c) del Código de Rentas Internas de Puerto Rico para establecer un impuesto especial inicial de 4% sobre ventas y uso, aplicable a ciertos servicios profesionales designados realizados a partir del 1 de octubre del presente año, entre los cuales se incluyeron los servicios legales. Conforme a esta enmienda los abogados y las abogadas que brinden servicios legales, que cuenten con un volumen anual agregado de $50,000 o más, tienen hasta este miércoles 30 de septiembre para cambiar su certificado de registro de comerciante exento para convertirse en agentes retenedores del Departamento de Hacienda. En términos sencillos, esto implica que un gran número de abogados y abogadas en Puerto Rico tendrán que cobrarle a la ciudadanía que acuda en búsqueda de sus servicios la cantidad de 4% de IVU, lo cual eventualmente se convertirá en un 10.5%.

 Véase el Art. 3.002 de la Ley Núm. 201-2003, según enmendada, conocida como Ley de la Judicatura del Estado Libre de Asociado de Puerto Rico de 2003 (4 LPRA sec. 24s).